**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSHUA ADAM CONLAN #81084-280** | § | |
| | § | |
| **V.** | § | **A-13-CA-169-LY** |
| | § | |
| **MICHAEL KING, BRANDON SHEFFY** | § | |
| **MICHAEL MURRAY,  SGT. SULLIVAN,** | § | |
| **SGT. MOSTIA, BRETT MAGILL, CITY** | § | |
| **OF AUSTIN, TRAVIS COUNTY JOHN** | § | |
| **DOES 1-3,  and TRAVIS COUNTY** | § | |
| **CORRECTIONAL COMPLEX** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's Amended Complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 12), Plaintiff's "Amendment to Complaint" (Document No. 13), and Plaintiff's Motion to Add Defendants (Document No. 20).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

**I.  BACKGROUND**

At the time he filed his original complaint on January 28, 2013, Plaintiff was a pretrial detainee at FMC Butner.[1]  In his original complaint, Plaintiff alleged Detective Michael King of the

---

[1] Plaintiff previously was found incompetent to stand trial in Cause No. A-11-CR-451-LY and was hospitalized for treatment and for the restoration of his competency.  The District Court

Austin Police Department falsified a warrant for his arrest on February 9, 2011.  That same day Plaintiff alleges five unknown police officers conducted an unlawful search and seizure of his hotel room and car after Plaintiff was arrested in the hotel lobby.  Plaintiff asserts officers were not given consent nor were there exigent circumstances.  Plaintiff further alleges Detective Michael King on February 15, 2011, conducted a search of his cell phone and computers obtained through an illegal search and seizure.  Plaintiff named Michael King and the five unknown police officers as defendants in his original complaint.  He requested a declaratory judgment that the defendants acted unconstitutionally.  In addition, he requested compensatory and punitive damages.

Plaintiff filed his original complaint in El Paso, Texas.  The District Court in El Paso transferred the case to Austin on February 27, 2013.  On March 4, 2013, the Court noted Plaintiff's case was related to his pending criminal case.  Accordingly, the Court stayed and administratively closed the case until Plaintiff's criminal case was fully resolved.

Despite the stay, Plaintiff filed an amended complaint on March 20, 2013.  Plaintiff identified the defendants previously identified as John Does 1-5 and made clear defendants were being sued in their individual and official capacities.  Plaintiff also informed the Court he was requesting a total of $14 million in damages.  In his amended complaint, Plaintiff alleges King made knowingly false and material statements in order to secure an arrest warrant.  In addition, he alleges Defendants jointly and severally intentionally failed to provide Plaintiff with warnings to which he was entitled before custodial interrogation and before two separate searches were conducted which Defendants

---

subsequently found Plaintiff competent to stand trial on June 28, 2013.  After a jury trial in August 2013, Plaintiff was found guilty of three counts of stalking.  On November 22, 2013, Plaintiff was sentenced to 60 months in prison on the first two counts to run concurrently and 36 months of prison on the third count to run consecutively to his 60-month sentences for a total of 96 months.

2

allegedly knew were being conducted without a warrant and were not permissible under the Fourth Amendment.

With regard to his claims against Defendant King, Plaintiff asserts King prepared and executed an affidavit for Plaintiff's arrest and detention. According to Plaintiff, the affidavit was filed in the Municipal Court for the City of Austin, and based on the affidavit, the Municipal Court issued a warrant for the arrest of Plaintiff for the offense of harassment. Plaintiff maintains King averred in his affidavit that the information contained in the affidavit was based on a sworn statement of the alleged victim "J.P." and a police offense report 10-5038545. Plaintiff contends at the time the affidavit was prepared, the J.P. statement did not exist, and King knew the statement did not exist.

In King's affidavit, King allegedly averred there existed a Killeen, Texas, police report based on complaints made to that agency by J.P. in February 2010. Plaintiff asserts the affidavit provided a detailed description of what J.P. reported to the Killeen Police Department and the Killeen Police Department's response. Plaintiff argues that at the time King prepared his affidavit, no Killeen police report existed relating to Plaintiff's alleged harassment of J.P. prior to J.P.'s relocation to Austin, Texas. Plaintiff contends the Austin Municipal Court relied on King's affidavit when it issued an arrest warrant for Plaintiff.

According to Plaintiff, he was arrested on February 9, 2011, in the lobby of a motel in which Plaintiff was staying. While in handcuffs, Plaintiff alleges he was interrogated as to the contents of his motel room without first being warned of his right not to answer questions or his right to counsel. Plaintiff complains he was then escorted to his room, and Defendants proceeded to enter the room and search and seize all of Plaintiff's property located therein without his consent. Included in the

property seized were Plaintiff's car keys. According to Plaintiff, Defendants used the keys to enter and search his vehicle. Plaintiff argues Defendants did not possess a search warrant entitling them to search or seize the property of Plaintiff and no exigent circumstances existed to justify a warrantless search.

Plaintiff argues he had the right not to be subjected to an arrest pursuant to a warrant which a municipal court was induced to issue based on an affidavit containing materially false information provided to the court by a law enforcement officer when the officer knew or reasonably knew the information contained therein was false in material respects. Plaintiff concludes he was arrested and detained and suffered a loss of liberty without due process of law. Plaintiff next argues he had the right not to be subjected to a custodial interrogation without first being advised of his right not to answer questions and right to consult with legal counsel prior to answering any questions in violation of his due process rights under the Fifth Amendment. In his final claim for relief, Plaintiff alleges he was subjected to a search and seizure in violation of the Fourth Amendment.

Without seeking permission to file, Plaintiff filed an "Amendment to Complaint" [#13] on March 25, 2013. Plaintiff stated he wished to add defendants to the complaint. He named as defendants the City of Austin, the County of Travis, John Does 1-3, and the Travis County Correctional Complex. Plaintiff did not provide a proposed amended complaint and offered no allegations against these defendants.

On May 18, 2015, Plaintiff filed a Motion to Add Defendants [#20] and requested permission to add John Does 1-3 to this case. Again, he failed to provide the Court with a proposed amended complaint and simply stated he wanted to add the John Doe defendants "for evidence and testimony presented to further said malicious conduct from the Austin Police Department."

4

## II.  ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Amendment to Complaint

The City of Austin, Travis County, John Does 1-3, and the Travis County Correctional Complex were not properly added as defendants in this case.  Plaintiff did not provide the Court with a proposed complaint and failed to make any allegations against these defendants.

Nevertheless, the Travis County Correctional Complex is not a legal entity capable of being sued.  See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action).  In addition, Travis County is not related to any of Plaintiff's claims.  All of Plaintiff's claims are against officials from

5

the City of Austin.  Furthermore, it is unnecessary to name the City of Austin as a defendant, as Plaintiff has sued the defendants in their official capacities.  Those claims are the same as if Plaintiff had named the City of Austin as the defendant.  Accordingly, Plaintiff's claims against the City of Austin, Travis County, John Does 1-3, and the Travis County Correctional Complex should be dismissed without prejudice.

To the extent Plaintiff requests permission to add John Does 1-3 in his Motion to Add Defendants [#20], Plaintiff's request should be dismissed.  Plaintiff fails to provide the Court with a proposed amended complaint and offers no factual allegations against these proposed defendants.

C.    False Arrest

Plaintiff alleges he was falsely arrested in violation of his constitutional rights.  To prevail on his section 1983 false arrest claim, Plaintiff must show there was no probable cause to arrest him. Haggerty v. Tex. S. Univ., 391 F.3d 653, 655 (5th Cir. 2004).  "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest." Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982).  However, the Fifth Circuit has recognized that both intentional misrepresentations in warrant applications and material omissions from the same may give rise to Fourth Amendment claims.  Kohler v. Englade, 470 F.3d 1104, 1113–14 (5th Cir. 2006).

To prevail on his claim that King prepared a false probable cause affidavit, Plaintiff would be required to show that King knowingly provided false information to secure the arrest warrant or gave false information in reckless disregard of the truth. See Franks v. Delaware, 438 U.S. 154, 171 (1978). The arrest may still be constitutionally valid if, when the allegedly false or malicious material in a probable cause affidavit is excised, sufficient material remains in the affidavit to support a finding of probable cause.  Id. at 171-72.

6

Probable cause exists when the facts within the officer's knowledge and the facts of which he has reasonably reliable information would be sufficient to believe that the suspect was committing or had committed an offense.  <u>United States v. Morris</u>, 477 F.2d 657, 663 (5th Cir. 1973).  In deciding whether probable cause exists, police officers are not required to be perfect, nor do they have to err on the side of caution "out of fear of being sued." <u>Martin v. Thomas</u>, 973 F.2d 449, 453 (5th Cir. 1992).  The court examines the totality of the circumstances to decide "whether there is a 'fair probability' that a crime occurred." <u>United States v. Garcia</u>, 179 F.3d 265, 269 (5th Cir. 1999) (citations omitted).  A "requisite 'fair probability' is something more than a bare suspicion, but need not reach the fifty percent mark."  <u>Id.</u>

In this case, Plaintiff fails to provide the Court with a copy of the affidavit he challenges.  In addition, he fails to allege the information remaining in the affidavit after the items to which he objects are excised was not sufficient to support a finding of probable cause for Plaintiff's arrest.  <u>See</u> <u>Hale v. Fish</u>, 899 F.2d 390, 399 (5th Cir. 1990).  Accordingly, Plaintiff has failed to allege a valid claim for false arrest.

D.    <u>Self Incrimination</u>

Plaintiff alleges that when he was arrested and detained, Defendants subjected him to a custodial interrogation without first advising him of his right to not answer questions or to only answer after consultation with legal counsel.  Plaintiff raised this same issue in his Motion to Suppress Evidence filed in his criminal case, Cause No. A-11-CR-451-LY.  In that motion, Plaintiff complained that he was asked if he had anything sharp in his pockets that might cut or harm the officer.  He was later asked if anyone else was in his motel room and whether there was anything in his room he wanted to get out.

The Fifth Amendment, which is applicable to the States through the Fourteenth Amendment, provides that "no person ... shall be compelled in any criminal case to be a witness against himself." U.S. CONST. AMEND. V.  To help prevent the coercion of confessions by suspects, police officers must give Miranda warnings, which provide that a suspect has the right to an attorney and has the right to remain silent during interrogation.  See Dickerson v. United States, 530 U.S. 428, 434-35, (2000) (explaining the holding and purpose of Miranda v. Arizona, 384 U.S. 436 (1966)).  The rights guaranteed by Miranda, however, only apply to prevent coerced confessions during custodial interrogation.  See Miranda, 384 U.S. at 467 (explaining that when a suspect undergoes "in-custody interrogation," the suspect "must be adequately and effectively apprised of his [or her] rights").

In Plaintiff's case, the questions to which he objects did not amount to an interrogation, and no Miranda warnings were required.  United States v. Stevens, 487 F.3d 232, 242-243 (5th Cir. 2007) (a statement granting consent to search is neither testimonial nor communicative in the Fifth Amendment sense); United States v. Webster, 162 F.3d 308, 332 (5th Cir. 1998) (asking whether a detainee had any needles in his pockets that could injure police officers during their pat down does not constitute interrogation under Miranda).  Accordingly, Plaintiff has failed to allege a valid constitutional claim regarding the failure to give him Miranda warnings.

     E.    Illegal Search and Seizure

Plaintiff challenges the police officers' search of his motel room and seizure of property from the motel room and the search of his vehicle and seizure of property from the vehicle.  These claims were raised in Plaintiff's criminal case, Cause No. A-11-451-LY, and were pursued on direct appeal.

Plaintiff's claims in this civil suit implicate the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held:

8

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. In Plaintiff's criminal case, the District Court found that Plaintiff's laptop and cellphones were properly seized under the plain-view doctrine, which allows for "a seizure if (1) the officers lawfully entered the area where the items could be plainly viewed; (2) the incriminating nature of the items was immediately apparent; and (3) the officers had a lawful right of access to the items." Conlan v. United States, No. 13-50842, 2015 WL 2330296 at, *4 (5th Cir. May 14, 2015) (quoting United States v. Waldrop, 404 F.3d 365, 368 (5th Cir. 2005)). The Fifth Circuit Court of Appeals agreed and explained the incriminating nature of the laptop and cellphones were immediately apparent because Detective King, the lead investigator who instructed an officer to seize the items, was aware of Plaintiff's harassing electronic communications. Id.

Police officers also seized a gun found under a hat on the floor of the passenger's side of Plaintiff's vehicle and a riot stick found behind the driver's seat. The District Court denied Plaintiff's suppression motion on the ground that the vehicle could properly have been impounded as an instrument of the crime and, as a result of an inventory search, officers would have found the weapon and the nightstick. The Fifth Circuit affirmed the District Court's ruling and explained "the police may seize a car from a public place without a warrant when they have probable cause to believe that the car itself is an instrument or evidence of crime." Id. at, *5 (quoting United States v. Cooper, 949 F.2d 737, 747 (5th Cir. 1991)). The court further explained "police may make a warrantless inventory search of a legitimately seized car, as long as the inventory search is conducted

according to established procedures of the searching police department." Id. (quoting Cooper, 949 F.3d at 748). The Fifth Circuit rejected Plaintiff's claim, explaining a warrantless search of a car in a motel parking lot does not require exigent circumstances and there was probable cause that the vehicle was evidence and an instrumentality of a crime. Id. Accordingly, the Fifth Circuit held the District Court properly denied suppression. Id.

The Court is of the opinion a successful outcome on Plaintiff's claims that the defendants violated his constitutional rights by illegal searching and seizing his property would necessarily call into question the validity of his conviction. It follows, therefore, that Plaintiff's claims are Heck-barred and should be dismissed without prejudice to refile once the conditions of Heck are met.[2]

## III. RECOMMENDATION

The undersigned recommends that the District Court **DISMISS WITHOUT PREJUDICE** Defendants the City of Austin, County of Travis, John Does 1-3, and the Travis County Correctional Complex. The undersigned further recommends that the District Court **DISMISS WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e) Plaintiff's claims for false arrest and self incrimination and **DISMISS WITHOUT PREJUDICE** to refile once the conditions of Heck are met Plaintiff's claims for illegal search and seizure. The Court finally recommends that the District Court **DISMISS** Plaintiff's Motion to Add Defendants [#20].

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

---

[2] Moreover, as explained above, the Fifth Circuit has already determined there was no Fourth Amendment violation.

being made.  The District Court need not consider frivolous, conclusive, or general objections.

Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of June, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE